```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
```
JOAN M. PRENDERGAST and RICHARD
PRENDERGAST,

                        Plaintiffs,

        — against —

HOBART CORPORATION, a division of ITW
FOOD EQUIPMENT GROUP, AIRLINE
CLEANERS, INC., and AIRWAY CLEANERS,
LLC,

                        Defendants.
```
-------------------------------------------------------------X
```

**MEMORANDUM and ORDER**

04-CV-5134 (SLT)(MDG)

**TOWNES, United States District Judge:**

      Joan Prendergast, a customer service agent in Delta Air Lines' Crown Room in LaGuardia Airport, brought this action against Hobart Corp. and Airway Cleaners, LLC, after she allegedly slipped on water that had leaked from a dishwasher in the kitchen of the Crown Room. Hobart manufactured and serviced the dishwasher, and Airway Cleaners provided staff and janitorial services for the Crown Room. Prendergast alleges that Airway Cleaners employees negligently failed to post an out-of-order sign on the dishwasher. Airway Cleaners moves for summary judgment.

## BACKGROUND

      Joan Prendergast was employed by Delta as a customer service agent in Delta's Crown Room at LaGuardia airport, a private room for frequent flyers. (Pl. 56.1 ¶¶ 14–15; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶¶ 14–15). Pursuant to a contract between Delta and Airway Cleaners, Airway Cleaners provided the services of matrons, also called hostesses, and bartenders for the Crown Room. (Agreement, Airway Ex. E; Pl. 56.1 ¶ 36; Airway 56.1 Resp.; Hobart 56.1 Resp.

¶ 36). Prendergast alleges that, at approximately 4:20 a.m. on May 18, 2004, she slipped on water on the floor of the Crown Room kitchen and fell. (Pl. 56.1 ¶ 17; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶ 17). Prendergast alleges that the water leaked from the dishwasher, which she had turned on shortly before the accident. (Pl. 56.1 ¶ 18; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶ 18).

On May 17, 2004, the day before the accident, a technician from Hobart performed repairs on the dishwasher. (Pl. 56.1 ¶ 23; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶ 23). Shortly after the technician finished servicing the dishwasher, the Airway Cleaners matron on duty informed Randy Vogel, the acting manager of the Crown Room and a Delta employee, that the dishwasher was malfunctioning again. (Pl. 56.1 ¶ 26; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶ 26). Vogel called Hobart (Pl. 56.1 ¶ 27; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶ 27) and instructed Delta agent Don Stevenson to notify members of the morning shift that the dishwasher was not working (Pl. 56.1 ¶¶ 28, 30; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶¶ 28, 30; Vogel Dep., Airway Ex. C, at 62–63). An out-of-order sign was not placed on the dishwasher before the accident. (Pl. 56.1 ¶ 19; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶ 19).

On November 22, 2004, Joan Prendergast and Richard Prendergast brought this action against Hobart for injuries sustained by Joan as a result of the accident. (Pl. 56.1 ¶ 1; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶ 1). On May 17, 2005, the plaintiffs amended their complaint to add as a defendant Airline Cleaners, Inc. (First Amended Compl.). Airline Cleaners has not entered an appearance and seems not to have any connection to this case. On October 17, 2005, the plaintiffs again amended their complaint to add as a defendant Airway Maintenance, LLC. (Second Amended Compl.). Airway Maintenance and Airway Cleaners, LLC, the corporation

that contracted with Delta to provide matrons and bartenders, are distinct entities that were incorporated by the same person on the same day. (www.dos.state.ny.us). Although the plaintiffs should have named Airway Cleaners instead of Airway Maintenance, Airway Maintenance filed an answer and defended the action as if it were the proper party. (Pl. 56.1 ¶¶ 4, 9, 11; Airway 56.1 Resp.; Hobart 56.1 Resp. ¶¶ 4, 9, 11). On November 28, 2006, the plaintiffs and joint counsel for Airway Maintenance and Airway Cleaners stipulated that Airway Cleaners be substituted as a defendant for Airway Maintenance and the filings of Airway Maintenance be deemed to have been filed by Airway Cleaners. (Stipulation and Order). In its answer to the second amended complaint, Hobart made a cross-claim against Airway Cleaners for indemnity and contribution. (Hobart Answer ¶ 40). Airway Cleaners now moves for summary judgment.[1]

## STANDARD OF REVIEW

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). If the movant meets this burden, the nonmovant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *accord W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). The

---

[1] The motion for summary judgment was filed under the name Airway Maintenance instead of Airway Cleaners. Given the stipulation between the plaintiffs and joint counsel for Airway Maintenance and Airway Cleaners, this Court deems the motion for summary judgment to have been filed by Airway Cleaners.

nonmovant cannot "'escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts,' or defeat the motion through 'mere speculation or conjecture.'" *W. World*, 922 F.2d at 121 (citations omitted). Moreover, the disputed facts must be material to the issue in that they "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

## DISCUSSION

Airway Cleaners argues that: 1) the contract between Delta and Airway Cleaners did not obligate Airway Cleaners employees to put an out-of-order sign on the dishwasher; and 2) even assuming that the contract between Delta and Airway Cleaners obligated Airway Cleaners employees to put an out-of-order sign on the dishwasher, Airway Cleaners did not owe a duty of care to Joan Prendergast. This Court agrees that, even if the contract obligated Airway Cleaners employees to post an out-of-order sign, the plaintiffs may not maintain a tort action against Airway Cleaners.

"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party. *Espinal v. Melville Snow Contractors, Inc.*, 773 N.E.2d 485, 487 (N.Y. 2002) (citing *Darby v. Compagnie Nat'l Air France*, 753 N.E.2d 160, 162 (2001); *Pulka v. Edelman*, 358 N.E.2d 1019, 1020–21 (N.Y. 1976)). "[A] contractual obligation, standing alone, will generally not give rise

4

to tort liability in favor of a third party." *Id.* (citing *Eaves Brooks Costume Co. v. Y.B.H. Realty Corp.*, 556 N.E.2d 1093, 1096 (N.Y. 1990)). The New York Court of Appeals has recognized "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care — and thus be potentially liable in tort — to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely." *Id.* at 488 (citations omitted) (alteration in original).

Even assuming *arguendo* that Airway Cleaners matrons and bartenders were obligated to post out-of-order signs, none of the three situations enumerated in *Espinal* is present in this case, and, as a result, Airway Cleaners did not owe a duty of care to Prendergast. First, Airway Cleaners did not "launch[] a force or instrument of harm." *Id.* (internal quotation marks omitted). A party launches a force or instrument of harm when it creates or exacerbates a dangerous condition. *Id.* at 490. In *H.R. Moch Co. v. Rensselaer Water Co.*, the owner of a warehouse sued a waterworks company that had contracted with the city to supply water for fire hydrants after insufficient water pressure in the fire hydrants allowed a fire to spread and burn down the plaintiff's warehouse. 159 N.E. 896, 896–97 (N.Y. 1928). The Court of Appeals held that the plaintiff could not maintain a tort action against the waterworks company because the waterworks company had merely denied a benefit instead of committing a wrong. *Id.* at 899. Like the waterworks company in *Moch*, Airway Cleaners merely denied a benefit by failing to post an out-of-order sign and therefore did not launch a force or instrument of harm.

5

Second, the plaintiff did not rely to her detriment on an expectation that Airway Cleaners would post an out-of-order sign if the dishwasher was not working. Prendergast herself testified that the Delta agents were responsible for posting out-of-order signs. (Prendergast Dep., Airway Ex. A, at 125–27). Prendergast provides no evidence that suggests that she relied on an expectation that Airway Cleaners matrons and bartenders, rather than Delta employees, would post such signs.

Third, Airway Cleaners did not entirely displace Delta's duty to maintain the premises safely. In *Palka v. Servicemaster Management Services Corp.*, a nurse was injured when a wall fan fell on her while she was working at a hospital. 634 N.E.2d 189, 190 (N.Y. 1994). The Court of Appeals held that the nurse could maintain an action against the company that had contracted to maintain the premises because the agreement was "comprehensive and exclusive" in that the company assumed complete responsibility for inspection and maintenance. *Id.* at 191–95. Unlike in *Palka*, Prendergast has submitted no evidence suggesting that Airway Cleaners assumed complete responsibility for the safety of the premises to the exclusion of Delta personnel. The entirety of the evidence demonstrates, to the contrary, that Delta employees retained at least partial responsibility for the safety of the premises. Both Delta and Airway Cleaners personnel testified that matrons and bartenders were required to notify Delta agents or managers when equipment malfunctioned. (Binz Aff., Hobart Ex. F, ¶ 7; Lugo Dep., Airway Ex. F, at 49; Michniewicz Dep., Airway Ex. J, at 162–63). A Delta agent testified that Delta employees could instruct matrons to post out-of-order signs. (Binz Aff., Hobart Ex. F, ¶ 9). As previously noted, Prendergast herself testified that Delta agents were responsible for posting out-of-order signs. (Prendergast Dep., Airway Ex. A, at 125–27). Even Yanira Rua, a bartender

6

who testified that Airway Cleaners personnel were responsible for posting out-of-order signs, testified that the responsibility was shared with Delta personnel. (Pl. 56.1 ¶ 54; Rua Dep., Airway Ex. O, at 17). Additionally, nowhere does the agreement between Delta and Airway Cleaners suggest that the parties intended Airway Cleaners to assume comprehensive and exclusive responsibility for the maintenance of equipment or the safety of the premises. The agreement states only that Airway Cleaners agreed to provide matrons, bartenders, and janitorial services for Delta. (Agreement, Airway Ex. E).

## CONCLUSION

For the reasons set forth above, the motion for summary judgment by defendant Airway Cleaners is **granted** and the claims against Airway Cleaners are **dismissed**.

Dated: Brooklyn, New York
October 24, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge